# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81170-CV-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BENJAMIN BALLOUT, MOHAMED ZAYED, and
WILLIAM FIELDING,

Defendants.

_____/

## FINAL JUDGMENT AGAINST DEFENDANT MOHAMED ZAYED

The Court has issued Orders: (1) granting Plaintiff Securities and Exchange Commission's ("Commission") Motion for Partial Summary Judgment (DE 41); and (2) granting the Commission's Motion for Remedies and for Entry of Final Judgments (DE 49). The Court's findings and conclusions set forth in those Orders are incorporated herein, and based on all the files, records, and proceedings in this action, Final Judgment as to Defendant Mohamed Zayed ("Defendant") is **ENTERED** as follows:

I.

**IT IS HEREBY ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud; or

1

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about

the price or trading market for any security, or (ii) making any false or misleading statement, or

disseminating any false or misleading documents, materials, or information, concerning matters

relating to a decision by an investor or prospective investor to buy or sell securities of any

company.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure

65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED** that Defendant is permanently restrained and

enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15

U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material

fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not

misleading; or

2

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about

the price or trading market for any security, or (ii) making any false or misleading statement, or

disseminating any false or misleading documents, materials, or information, concerning matters

relating to a decision by an investor or prospective investor to buy or sell securities of any

company.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure

65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED that Defendant is permanently barred from

participating in an offering of penny stock, including engaging in activities with a broker, dealer,

or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale

of any penny stock. A penny stock is any equity security that has a price of less than five dollars,

except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

### IV.

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of

$96,000, representing net profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $25,288.33, and a civil penalty in the

amount of $460,928 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

3

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $582,216.33 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mohamed Zayed as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a

private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

**IT IS FURTHER ORDERED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for six (6) months from the date of entry.

VII.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk **SHALL ENTER** this Final Judgment for the Commission and against Defendant.

**SIGNED** in Chambers at West Palm Beach, Florida, this 11th day of June, 2025

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT